Virgilio **CANEGALLI–LARREA**, Petitioner,

v.

**IMMIGRATION AND NATURALIZATION SERVICE**, Respondent.

No. 00–71162.

INS No. A72–088–363.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 13, 2001.*

Decided Aug. 30, 2001.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before HAWKINS, TASHIMA, and GOULD Circuit Judges.

## MEMORANDUM **

Virgilio Canegalli–Larrea, a native and citizen of Peru, petitions for review of the Board of Immigration Appeals' ("BIA") decision dismissing his appeal from an Immigration Judge's ("IJ") denial of his application for asylum and withholding of deportation under 8 U.S.C. §§ 1158(a) and 1253(h). We have jurisdiction under 8 U.S.C. § 1105a(a).*** We review the BIA's decision denying asylum under the substantial evidence standard. *Singh v. INS*, 134 F.3d 962, 966 (9th Cir.1998). We grant the petition, vacate the BIA's decision, and remand.

Contrary to the BIA's decision, Canegalli–Larrea's credible testimony establishes that his persecution was at least in part on account of his imputed political opinion. *See Ratnam v. INS*, 154 F.3d 990, 996 (9th Cir.1998). Like *Ratnam*, Canegalli–Larrea was arrested, detained, interrogated, beaten, and accused of being a member of a terrorist organization by government officials. *See Ratnam*, 154 F.3d at 992–93. Thus, Canegalli–Larrea has established that government officials were at least in part motived by political opinion. *See id.* at 995–96 (indicating asylum eligibility is established where persecutory conduct has more than one motive, so long as one motive is one of the enumerated grounds).

Accordingly, the BIA's decision is not supported by substantial evidence, and Canegalli–Larrea has established eligibility for asylum and withholding of deportation. *See id.*

We GRANT the petition for review, VACATE the BIA's decision with instructions that petitioner be granted withholding of deportation, and REMAND for the exercise of the Attorney General's discretion as to whether petitioner is entitled to asylum.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

*** The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") repealed 8 U.S.C. § 1105a and replaced it with a new judicial review provision codified at 8 U.S.C. § 1252. IIRIRA § 306(c)(1), Pub.L. No. 104–208, 110 Stat. 3009 (Sept. 30, 1996), as amended by Act of Oct. 11, 1996, Pub.L. No. 104–302, 110 Stat. 3656. However, because the new review provision does not apply to petitioners whose deportation proceedings commenced before April 1, 1997, this court continues to have jurisdiction pursuant to 8 U.S.C. § 1105a. *See* IIRIRA § 309(c)(1).

PETITION FOR REVIEW GRANT-
ED; VACATED AND REMANDED.